UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEMARCUS GIVAN, | ) | Case No. CV 15-8163-BRO (KK) |
| Petitioner, | ) ) | FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | ) ) ) | |
| KELLY SANTORO, | ) ) | |
| Respondent. | ) ) ) ) | |

This Final Report and Recommendation is submitted to the Honorable Beverly Reid O'Connell, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## I.

## **SUMMARY OF RECOMMENDATION**

Petitioner DeMarcus Givan ("Petitioner") has filed a Petition ("Petition") for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. The Petition contains unexhausted claims, hence, the Court issued an Order to Show Cause ("OSC") directing Petitioner to file a response addressing the exhaustion issue. Petitioner responded to the OSC by conceding the Petition

1

contained unexhausted claims and requesting a stay pursuant to Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("Rhines stay"). As discussed below, Petitioner fails to establish good cause warranting a Rhines stay. Thus, it is recommended the Petition be **DISMISSED** without prejudice as a mixed petition.

## II.

## PROCEDURAL HISTORY

### A.   PETITIONER'S PETITION

On October 1, 2015, Petitioner, an inmate at North Kern State Prison proceeding pro se and in forma pauperis, constructively filed[1] the instant Petition pursuant to 28 U.S.C. § 2254. See Dkt. 1. Petitioner challenges his 2013 convictions in the Kern County Superior Court for "[g]ross vehicular manslaughter while intoxicated, [d]riving under the influence causing injury, and [d]riving with an excessive blood alcohol level causing injury" in violation of California Penal Code section 195.5(a) and California Vehicle Code section 23153(a) and (b). Id. at 2. The Petition sets forth seven claims for habeas relief: (1) trial counsel and the trial court improperly "denied [P]etitioner the right to present a defense by denying him the right to a jury instruction relating to Petitioner's defense of 'mistake of fact;'" ("Claim One"); (2) appellate counsel improperly declined to raise trial counsel's failure to request a "mistake of fact" jury instruction ("Claim Two"); (3) trial counsel and appellate counsel were ineffective for failing "to move to suppress a non-consensual blood draw" ("Claim Three"); (4) trial counsel and appellate counsel were ineffective for failing "to argue that four of Petitioner's prior

---

[1]  Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on October 1, 2015. ECF Docket No. ("Dkt.") 1, Pet. at 32. Thus, the Court deems October 1, 2015 the Petition's filing date.

1 convictions did not qualify as alleged strikes under CA three strikes law" ("Claim
2 Four"); (5) trial counsel and appellate counsel were ineffective for failing "to argue
3 that Petitioner's multiple prior convictions were [the] product of a single act and
4 can[n]ot constitute multiple strikes under CA three strikes law" ("Claim Five"); (6)
5 the trial court improperly "decided that [the] greater offense and not the lesser
6 included offense was the intended jury verdict" ("Claim Six"); and (7)
7 "California's serious felony statute [is] unconstitutionally vague" and
8 "unconstitutionally void 'as applied'" ("Claim Seven"). Id. at 11, 15, 21, 23-24,
9 31.

### B.   PETITIONER'S MOTION FOR STAY & ABEYANCE

Concurrent with his Petition, Petitioner filed a Motion for Stay and Abeyance ("Motion"). See Dkt. 6, Mot. Petitioner acknowledged Claims Two through Seven were unexhausted, and stated he filed a state habeas petition in the Kern County Superior Court on September 14, 2015 raising Claims One through Seven. Id. at 1-2; see Dkt. 1 at 3, 5-6. Petitioner sought a stay to allow him to exhaust Claims Two through Seven, but failed to specify whether he requested a Rhines stay, or, in the alternative, a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ("Kelly stay"), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). See Dkt. 6 at 1-2.

### C.   THE COURT'S ORDER TO SHOW CAUSE

On October 22, 2015, the Court issued an OSC finding Claims Two though Seven were unexhausted, and directing Petitioner to address the exhaustion issue. See Dkt. 8, OSC. While not ruling on the issue, the Court stated a Kelly stay, but not a Rhines stay, appeared warranted. See id. at 2. However, the Court advised it could not grant the Kelly stay unless Petitioner voluntarily dismissed the unexhausted claims. Id. at 5. The Court, thus, instructed, "[i]f Petitioner desires a Kelly stay, he must file and serve a Notice of Dismissal clearly stating he voluntarily dismisses Claims Two through Seven without prejudice." Id. The

Court further warned "the Petition is a mixed petition and subject to dismissal without prejudice." Id. at 3.

On November 30, 2015, Petitioner constructively filed a response to the Court's October 22, 2015 OSC. Dkt. 11, Resp. OSC. Petitioner argues good cause exists for a Rhines stay because his appellate counsel "failed to honor [P]etitioner's request for him to raise the unexhausted claims," Petitioner's unexhausted claims have merit, and Petitioner has not engaged in dilatory litigation tactics. Id. at 2-3.

**D.  THE COURT'S ORIGINAL REPORT & RECOMMENDATION**

On December 8, 2015, the Court issued its original Report and Recommendation recommending the Petition be dismissed as a mixed petition, and for Petitioner's failure to prosecute and obey court orders.[2] Dkt. 9, R & R.

On December 16, 2015, the Court acknowledged receipt of Petitioner's response to the Court's October 22, 2015 OSC, and stated the Court would consider the response "a response to the issues addressed in the Report and Recommendation." Dkt. 12, Min. Order.

On December 17, 2015, Petitioner constructively filed objections to the original Report and Recommendation. Dkt. 13, Objs. R & R. In his objections, Petitioner renews his request for a Rhines stay, and argues he asked his appellate counsel to raise Claims Two through Seven in the California Court of Appeal and the California Supreme Court but his appellate counsel "failed to honor [P]etitioner's request." Id. at 3.

The Court has considered Petitioner's November 30, 2015 response and December 17, 2015 objections. The Court issues this Final Report and Recommendation, addressing Petitioner's response and objections in III.B.

---

[2]  The Court issued the original Report and Recommendation prior to becoming aware Petitioner had filed a response to the October 22, 2015 OSC, which Petitioner constructively filed on November 30, 2015, but was not entered into the Court's CM/ECF system until December 15, 2015.

4

## III.

## DISCUSSION

### A. A PETITION CONTAINING EXHAUSTED AND UNEXHAUSTED CLAIMS IS AS A MIXED PETITION SUBJECT TO DISMISSAL

**(1) Applicable Law**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The Court may stay a mixed federal habeas petition pursuant to either a Rhines stay or Kelly stay. See id.

**(2) Analysis**

Here, as Petitioner concedes in his Petition and Motion, Claims Two through Seven are unexhausted. See Dkt. 1 at 5-6; Dkt. 6 at 1-2. The Petition is therefore a mixed petition. See Rose, 455 U.S. at 522. As discussed below, the Court declines to grant a Rhines stay and Kelly stay. Thus, the Petition must be dismissed without prejudice.

### B. PETITIONER FAILS TO SHOW GOOD CAUSE FOR A RHINES

**STAY**

**(1) Applicable Law**

Pursuant to Rhines, a district court has discretion to stay a mixed petition to allow a petitioner time to present his unexhausted claims to state courts. Rhines, 544 U.S. at 276. This "stay and abeyance" procedure is available only where three prongs are satisfied: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277-78.

With respect to the first prong, the "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). Ineffective assistance by "post-conviction counsel can be good cause for a Rhines stay" where a petitioner's:

> showing of good cause was not a bare allegation of state postconviction [sic] IAC, but a concrete and reasonable excuse, supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the readily available evidence of [the petitioner]'s abusive upbringing and compromised mental condition.

Id. at 983.

In contrast, good cause justifying a Rhines stay is not warranted where a petitioner merely calls his counsel ineffective for failing to raise certain claims but "has not developed any ineffective assistance of counsel argument" under the standards of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Wooten v. Kirkland, 540 F.3d 1019, 1024 n.2 (9th Cir. 2008); see Rossier v. Cavazos, No. CV 11-2778-R (DTB), 2012 WL 1535753, at *6 (C.D. Cal. Mar. 20, 2012) (stating "to accept petitioner's conclusory and unsupported assertion of ineffective assistance of appellate counsel as good cause for her failure

to exhaust her state remedies would render stay-and-abey orders routine, as virtually every habeas petitioner could argue that they received ineffective assistance of appellate counsel in order to obtain a stay"); Mora v. McDonald, No. CV 08-08138-JFW (SS), 2009 WL 2190182, at *5 (C.D. Cal. July 17, 2009) ("conclud[ing] that the Ninth Circuit's guidance in Wooten weighs against finding that a mere allegation of ineffective assistance of counsel constitutes good cause."). In addition, the alleged failure of a petitioner's appellate counsel to raise unexhausted claims does not establish good cause for a Rhines stay where the appellate counsel's alleged failure "did nothing to prevent [the] [p]etitioner from seeking state habeas relief for the unexhausted claims." Hernandez v. Sullivan, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005); see Johnson v. Sullivan, No. CV04-7923-ABC (MLG), 2006 WL 37037, at *3 (C.D. Cal. Jan. 4, 2006) (stating "an error of appellate counsel on a discretionary appeal simply cannot constitute cause to excuse a procedural default in a federal habeas proceeding"); see also Gray v. Ryan, No. 09CV0709-BEN (CAB), 2010 WL 4976953, at *4 (S.D. Cal. Oct. 27, 2010) (rejecting petitioner's argument for a Rhines stay based upon his appellate counsel's failure to raise "two unexhausted claims in contravention of his wishes and for reasons unknown to him" as follows: "If [P]etitioner wanted to raise those issues and appellate counsel disagreed with Petitioner, Petitioner could have raised them himself at that time. Mere reliance on appellate counsel does not comport with the guidance offered in Wooten as to good cause.").

    **(2)   Analysis**

Here, Petitioner fails to show good cause for a Rhines stay. In Petitioner's November 30, 2015 response and December 17, 2015 objections, Petitioner alleges he asked his appellate counsel to raise Claims Two through Seven in the California Court of Appeal and the California Supreme Court, but his appellate counsel refused. Dkt. 11 at 2-3; Dkt. 13 at 3. However, to the extent Petitioner argues his appellate counsel was ineffective for failing to raise Claims Two through Seven,

Petitioner "has not developed any ineffective assistance of counsel argument" to show good cause for a Rhines stay. See Wooten, 540 F.3d at 1024 n.2. Rather, Petitioner presents only a bare assertion of ineffective assistance of counsel, and has not set forth "a concrete and reasonable excuse [for his failure to exhaust], supported by evidence that his [counsel] failed to discover, investigate, and present [his unexhausted claims] to the state courts." See Blake, 745 F.3d at 983. In addition, the alleged failure of Petitioner's appellate counsel to raise Claims Two through Seven does not establish good cause for a Rhines stay because appellate counsel's alleged failure "did nothing to prevent Petitioner from seeking state habeas relief for the unexhausted claims." See Hernandez, 397 F. Supp. 2d at 1207. Therefore, Petitioner fails to show good cause for a Rhines stay.

## C.   PETITIONER IS NOT ENTITLED TO A KELLY STAY

### (1)   Applicable Law

Pursuant to Kelly, if a petitioner dismisses a mixed petition's unexhausted claims, the district court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court. Kelly, 315 F.3d at 1070-71. Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay requires petitioners to follow a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71).

### (2)   Analysis

Here, despite having been specifically advised of the option of a Kelly stay

and warned the Petition was a mixed petition subject to dismissal, Petitioner has failed to: (1) request a <u>Kelly</u> stay; and (2) file and serve a Notice of Dismissal stating he voluntarily dismisses Claims Two through Seven without prejudice, as the Court instructed in the October 22, 2015 OSC.  <u>See</u> <u>Kelly</u>, 315 F.3d at 1170-71. Therefore, the Petition remains a mixed petition which cannot be stayed under <u>Kelly</u>.  <u>See</u> <u>King</u>, 564 F.3d at 1135.

## IV.
## **RECOMMENDATION**

Accordingly, it is recommended the District Court issue an order: (1) accepting this Final Report and Recommendation; (2) denying Petitioner's request for a <u>Rhines</u> stay; and (3) directing Judgment be entered dismissing the Petition without prejudice.

DATED: JANUARY 8, 2016

_____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE